Per Curiam.

The finding of the jury, that the evidence did not prove ct beyond a doubt ” that the plaintiff’s close had been broken, had reference to the words “ reasonable doubt ” in the judge’s instruction ; and though this expression is somewhat vague, yet it is in common use, and is sufficiently understood by a jury. The objection on this point furnishes no ground for' a new trial.
Another objection is made in relation to the effect of the verdict as returned by the jury. When the jury have found a verdict substantially, it is read to them in form.( If any juror does not agree to it when so read, he may express his *253 dissent, and the jury may retire and revise the verdict. But if, when asked in the usual manner whether they agree to the verdict, they all answer in the affirmative, it will be sufficient to authorize it to be recorded.[1]
As to the merits of the case, we consider the property of the fence to have been in Bourne, by virtue of his agreement with White. Without doubt, but for this agreement, the fence would have passed to White. The conveyance to the plaintiff was by a line which excluded the fence, and left it, in one place, fifteen feet within White’s land, and the deed contained no covenant or bargain respecting the fence. This gave no right as against White, so that the plaintiff could not, without license from him, have occupied between the line of his purchase and the fence, without trespassing. The act of the defendants therefore, in taking away the fence, was no wrong to the plaintiff, for he neither owned the land on which it stood, nor is there any evidence that he was in possession of it; for his possession must be held to correspond with his title, unless a different possession is proved.
The principles advanced by the plaintiff’s counsel are not controverted, that the fence upon the land conveyed will pass as appurtenant, without being specially named, and that a fence intended and maintained as a division fence would so pass, although it might vary from the true line. But the part of the fence taken by the defendants was not intended as a division fence. On the contrary, by compact, it was agreed between Bourne and White not to be a division fence, but to be left as the property of Bourne, distinct from the land.
Joscelyn and Howard should have contracted with Bourne for the fence, if they wished to have it, and they would then have had the same right respecting it that Bourne had ; which however, as against White, would have been limited to the right of taking it away, for by the deed of White there was no qualification of his title or possession of the land conveyed to him.
It was urged, that in trespass quare clausum, although the *254 plaintiff fails to prove his close, he may recover for chatte.s alleged to have been carried away. The authorities however do not support this, where there is but one count.[1] But if it were so, the case shows that the plaintiff has neither proved his property in the close, nor in the fence.

Judgment affirmed.

 See Commonwealth v. Roby, 12 Pick. 496; Fellows's case, 5 Greenl. R. 333. In some of the States, however, polling of the jury is allowed. See 1 Chitty’s Crim. Law, (3d Amer. ed.) 635, n. (B) and eases there collected.

 See 2 Stark. Ev. (5th Amer. ed.) 813, 814.